IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-189-BO

| | | |
|---|---|---|
| DARRELL W. RACKLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on the matters before the undersigned on August 16, 2013, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed an application for DIB on November 9, 2009, alleging disability since March 30, 2009. Following an initial denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a video hearing at which plaintiff, his counsel, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff's bilateral knee degenerative joint disease, PTSD, and depression were severe at step two, but found that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three. The ALJ then determined that plaintiff had a residual functional capacity (RFC) to perform sedentary work with limitations. At step four, the ALJ found that plaintiff was unable to perform his past relevant work,

2

but that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform.

*Veterans Administration Rating*

At the time of the hearing before the ALJ, plaintiff had received a minimum of 50% total disability rating from the Department of Veterans Affairs in connection to his military service. Tr. 440, 460. In his opinion, the ALJ failed to explicitly mention or consider plaintiff's VA rating, as required by Social Security Ruling 06-03p. Indeed, the Fourth Circuit has recently held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating" unless the record "clearly demonstrates that . . . a deviation is appropriate." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012).

Defendant first argues that *Bird* is distinguishable because the VA rating here was based on medical impairments and evidence not considered by the ALJ. However, the VA determination was based in part on plaintiff's limitations in his knees, and the ALJ found plaintiff to have a severe condition in both knees. Though defendant argues that the VA rating would not support a finding of limitation any more restrictive than that found by the ALJ, the Court cannot "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

Defendant next contends that the ALJ's failure to explicitly mention or consider the VA rating was harmless error. "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). Without the benefit of the ALJ's discussion, this Court cannot know

3

what weight, if any, the ALJ gave or would give to the VA rating. Further, the ALJ is *required* to evaluate all evidence "that may have a bearing on [the Commissioner's] determination or decision of disability, . . .." SSR 06-03p. This Court cannot conclude that the record clearly demonstrates that the VA rating is not entitled to significant or some other weight, and the VA determination, including the post-ALJ decision VA rating of 70% disabled that was submitted to the Appeals Council, must be considered by the ALJ before a decision supported by substantial evidence can be reached.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED, defendant's motion for judgment on the pleadings [DE 21] is DENIED, and the decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __12__ day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4